IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**RICHARD F. WEAVER, JR.**,

          Petitioner,

v.

**BRIGITTE AMSBERRY,**

          Respondent.

No. 2:16-cv-02226-SB

OPINION AND ORDER

**MOSMAN, J.**,

On May 27, 2020, Magistrate Judge Stacie F. Beckerman issued her Findings and

Recommendation (F. & R.) [ECF 78]. Judge Beckerman recommended that I dismiss Petitioner's

Amended Petition for Writ of Habeas Corpus [ECF 62] with prejudice and issue a certificate of

appealability on the application of equitable tolling. Petitioner Richard F. Weaver Jr. filed

objections [ECF 80, 81], and the Government filed a response [ECF 82]. In a case where the

governing legal principles as applied to this case are not crystal clear, and in the face of Ninth

Circuit precedent that post-dated the briefing Judge Beckerman received, I chart a different

course than she did in her thoughtful opinion.

## BACKGROUND

Mr. Weaver filed this petition for habeas corpus relief, asserting ineffective assistance of

counsel. The Government seeks dismissal of the petition on the basis that Mr. Weaver failed to

file it within the one-year statute-of-limitations period provided by the Antiterrorism and

1 – OPINION AND ORDER

Effective Death Penalty Act of 1996 ("AEDPA"). The F. & R. sets out a detailed and accurate description of the events in this case, which I will not repeat here.

As stated above, Judge Beckerman recommends that I dismiss Mr. Weaver's petition with prejudice but issue a certificate of appealability on the application of equitable tolling. On December 15, 2020, I held an evidentiary hearing to clarify aspects of the record and Mr. Weaver's diligence in working on his petition.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Under AEDPA, a one-year statute of limitations applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). However, § 2244(d) of AEDPA is subject to equitable tolling in certain circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate upon a showing "'(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*

2 – OPINION AND ORDER

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The second showing has two parts:

the existence of an extraordinary circumstance and causation. *Smith v. Davis*, 953 F.3d 582, 595

(9th Cir. 2020) (en banc). I will first address whether an extraordinary circumstance existed, and

then I will discuss diligence and causation.

## I.      Extraordinary Circumstance

Mr. Weaver contends that his trial counsel's withholding of his trial file for

approximately ten months constitutes an extraordinary circumstance. Merely negligent attorney

conduct, such as miscalculation of the limitations period, does not constitute an extraordinary

circumstance. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Additionally, untimeliness

due to oversight, miscalculation, or negligence on the petitioner's part is not an extraordinary

circumstance warranting equitable tolling. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011

(9th Cir. 2009). Egregious attorney misconduct, however, may constitute an extraordinary

circumstance warranting equitable tolling. *Holland*, 560 U.S. at 651; *see also Spitsyn v. Moore*,

345 F.3d 796, 800 (9th Cir. 2003) (finding extraordinary circumstances existed when attorney

failed to prepare and file a habeas petition, failed to communicate with his client, and retained his

client's file for the duration of the limitations period).

Judge Beckerman concluded that Mr. Weaver's "Trial Counsel's conduct was sufficiently

egregious to qualify as extraordinary circumstances." F. & R. [ECF 78] at 12. I agree and adopt

her opinion as to this issue.

## II.     Reasonable Diligence

The next question is whether Mr. Weaver has been pursuing his rights diligently.

*Holland*, 560 U.S. at 649. "The diligence required for equitable tolling purposes is 'reasonable

diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (internal citations omitted). "To

determine if a petitioner has been diligent in pursuing his petition, courts consider the

petitioner's overall level of care and caution in light of his or her particular circumstances." *Doe*

*v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011). While reasonable diligence is a fact-specific

inquiry, it "seemingly requires the petitioner to work on his petition with some regularity—as

permitted by his circumstances—until he files it in the district court." *Smith*, 953 F.3d at 602.

The Ninth Circuit recently clarified that a petitioner must act with reasonable diligence "not only

while an impediment to filing caused by an extraordinary circumstance existed, but before and

after as well, up to the time of filing [a] claim in federal court." *Id.* at 598–99.

    In analyzing a petitioner's diligence, the case law instructs me to consider his or her

particular circumstances. For Mr. Weaver, these circumstances include a long history of mental

health issues, time spent in a restrictive housing unit with limited access to the law library, and a

hand injury. *See* First Richard Weaver Decl. [ECF 25-1] ¶¶ 29–31.[1] Judge Beckerman examined

these factors to see if they constituted additional extraordinary circumstances and concluded they

do not. F. & R. [ECF 78] at 15–17. I agree, but pursuant to the case law cited above, I find they

are independently relevant to my consideration of Mr. Weaver's diligence. *See Smith*, 953 F.3d

at 602.

    Judge Beckerman did not specifically analyze Mr. Weaver's diligence in filing his

petition, instead resting her conclusion on Mr. Weaver's misunderstanding of the filing deadline.

An important point in her analysis was that his misunderstanding is what caused him to miss his

deadline and therefore his reasonable diligence, or not, did not matter. But my reading of the

relevant case law—in particular *Smith*, which was decided after the parties had completed their

briefing—is that reasonable diligence is an important component of the causation analysis. *See,*

---

[1] Mr. Weaver clarified that time spent in restrictive housing after the conclusion of state post-conviction relief proceedings was not due to bad behavior. Tr. [ECF 91] at 15–16.

*e.g.*, *id.* at 600 ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."). Even if Mr. Weaver misunderstood the filing deadline, I still need to determine whether an extraordinary circumstance—here, the withholding of his trial file—prevented him from making a timely filing, despite his reasonable diligence. Since the causation analysis to a large degree hinges on the diligence analysis, I find it is necessary to first ask whether Mr. Weaver acted with reasonable diligence in pursuing his state post-conviction relief ("PCR") and federal habeas relief at all relevant time periods.

### A.      During the Impediment to Filing

Mr. Weaver was deprived of his trial file for approximately the first ten months of the limitations period. Mr. Weaver repeatedly attempted to get access to his file throughout this time. He contacted his trial counsel on numerous occasions, filed a motion to compel, and filed a bar complaint against his trial counsel. First Weaver Decl. [ECF 25-1] ¶¶ 9–12. By actively pursuing his trial file through different means and throughout the ten months, I find Mr. Weaver acted with reasonable diligence in pursuing his rights while the impediment to filing existed.

### B.      After the Impediment to Filing was Removed

There are three relevant time periods to consider in assessing Mr. Weaver's diligence after he received his trial file: (1) prior to filing his pro se state PCR petition, (2) while state PCR proceedings were pending, and (3) after the conclusion of state PCR proceedings and prior to filing his pro se federal habeas petition. I address each in turn.

#### 1.      Prior to Filing his Pro Se State PCR Petition

Mr. Weaver asserts that he began preparing his pro se state PCR petition as soon has he received his file from trial counsel. First Weaver Decl. [ECF 25-1] ¶ 13. After receiving his file,

he completed and filed his petition pro se in roughly two months. *Id.* ⁋ 14. I am satisfied that Mr. Weaver has demonstrated he acted with reasonable diligence in doing so. *See id.* ⁋⁋ 14–20 (setting out actions taken during this time and detailing the challenges of preparing filings while incarcerated).

### 2.    While State PCR Proceedings Were Pending

The Government argues Mr. Weaver cannot show that he was reasonably diligent during the time that his state PCR case was pending—a period of nearly four years. I reject this argument for two reasons.

First, the statute of limitations is statutorily tolled during a petitioner's state PCR case and thus courts do not typically look at whether a petitioner acted with reasonable diligence during that time. For example, there are many cases each year where a petitioner does absolutely nothing during his or her state PCR case and then files a federal petition far more than one year after conviction.[2] In those cases, courts do not even ask whether a petitioner was diligent; we just accept that the state PCR time was statutorily tolled and find the petition timely. Mr. Weaver is not qualitatively different than those petitioners. And while not explicitly addressed by any governing precedent cited by either of the parties, the Supreme Court would appear to agree with this conclusion. For instance, in *Pace v. DiGuglielmo*, the Court found petitioner had not established the requisite diligence, reasoning that "not only did petitioner sit on his rights for years *before* he filed his [state PCR] petition, but he also sat on them for five more months *after* his [state PCR] proceedings became final before deciding to seek relief in federal court." 544

---

[2] For instance, a 2007 empirical study found the average time elapsed between state court judgment and federal habeas filing was 6.3 years for non-capital cases and 7.4 years for capital cases. Nancy J. King et al., *Final Technical Report: Habeas Litigation in U.S. District Courts: An Empirical Study of Habeas Corpus Cases Filed by State Prisoners Under the Antiterrorism and Effective Death Penalty Act of 1996* 21–22 (2007), https://www.ojp.gov/pdffiles1/nij/grants/219559.pdf.

6 – OPINION AND ORDER

U.S. at 419. Notably, the Court did not analyze what the petitioner did or did not do during the time state PCR proceedings were pending.

Second, not requiring a petitioner to show diligence while state PCR proceedings are pending is reasonable. The result of a state PCR process could render a federal habeas petition unnecessary, either through a victory in state court or a decision by a prisoner not to seek further relief. *Cf. Rudin v. Myles*, 781 F.3d 1043, 1056–57 (9th Cir. 2014) (reasonable diligence did not require a protective petition in federal court before the state petition was deemed untimely). I am loathe to incentivize work on federal habeas petitions that may prove unnecessary.

> 3.    After the Conclusion of State PCR Proceedings and Prior to Filing his Pro
>        Se Federal Habeas Petition

The Government appears to concede Mr. Weaver acted with reasonable diligence at this stage. I agree. After the conclusion of state PCR proceedings, although he believed he had one year to file his federal habeas corpus petition, Mr. Weaver "began work on [his] federal habeas corpus petition immediately, and filed it as early as possible given the restraints and delays that are typical of prison." First Weaver Decl. [ECF 25-1] ¶ 31. At the December 2020 evidentiary hearing, Mr. Weaver provided further compelling testimony on his diligence during this time period and the difficulties of working on a habeas petition while incarcerated. Tr. [ECF 91] at 46–50. However, he concluded his testimony by stating, "I've done everything I possibly could, and if I would have known I had 17 days or whatever, I would have filed it immediately." *Id.* at 50. The hearing ended without further explanation from Mr. Weaver or his counsel. I ordered supplemental briefing to give Mr. Weaver an opportunity to explain this statement and specifically to explain whether he actually used additional time—beyond the 17 days available to him—to do something necessary for his ultimate petition. In his supplemental declaration, Mr.

Weaver clarified that it would not have been possible for him to file his petition in 17 days, and

that he needed the additional time to complete tasks necessary to his petition. Third Weaver

Decl. [ECF 95-1] ¶¶ 4–6. Specifically, Mr. Weaver asserts that he used the time to request

documents related to his state-court cases; request law library and inmate legal assistant help to

ask questions about relevant forms; get assistance in filling out forms; and request his six-month

statement of accounts to submit with his application to proceed *in forma pauperis*. *Id.* ¶ 7.

Considering all the circumstances, including the ample evidence in the record of Mr.

Weaver working on his petition regularly and using the numerous resources at his disposal, as

well as his testimony regarding the difficulties of completing such tasks in prison, I find that Mr.

Weaver acted with reasonable diligence on his federal habeas petition after state PCR

proceedings concluded.

For the above reasons, I find Mr. Weaver acted with reasonable diligence at all relevant

time periods.

### III.    Causation

Finally, equitable tolling may be applied only "when an extraordinary circumstance

prevented a petitioner acting with reasonable diligence from making a timely filing." *Smith*, 953

F.3d at 600. "[T]his rule does not impose a rigid 'impossibility' standard on litigants, and

especially not on 'pro se prisoner litigants.'" *Id.* (quoting *Fue v. Biter*, 842 F.3d 650, 657 (9th

Cir. 2016)). Instead, it is a fact-specific inquiry that requires courts to "decide the issue based on

all the circumstances of the case before it." *Id.*

At this step of the analysis Judge Beckerman first concluded that she could not apply the

stop-clock approach, which would add back the ten months Mr. Weaver was without his trial file

to the limitations period, because "the Ninth Circuit rejected the 'stop-clock' approach in *Smith*."

F. &. R. [ECF 78] at 14. Next, Judge Beckerman concluded that because Mr. Weaver

misunderstood how to calculate the statute of limitations, "the extraordinary circumstance caused

by Trial Counsel's delay did not cause Petitioner's untimely filing of his federal habeas petition."

*Id.* at 15. However, because *Smith* was decided after Judge Beckerman took this case under

advisement, neither party had the benefit of briefing the application of *Smith* to the causation

analysis. As I previously noted, under my reading of *Smith*, the critical causation question here is

whether a petitioner in Mr. Weaver's situation who acted with reasonable diligence should have

filed their federal habeas petition in 17 days. I evaluate this question first by addressing the

potential application of the stop-clock approach, then Mr. Weaver's misunderstanding of the

statute-of-limitations deadline, and finally the Government's argument regarding the timing of

the extraordinary circumstance.

### A.      The Stop-Clock Approach

As to the potential application of the stop-clock approach, I read *Smith* differently than

Judge Beckerman. In *Smith*, the petitioner asked the court "to adopt a flat rule" that would allow

a petitioner to "simply add the time during which he was so impeded to extend the period of the

statute of limitations, *regardless [of]* whether he was reasonably diligent in filing his petition

after the impediment was removed." *Smith*, 953 F.3d at 586 (emphasis added). The central issue

in *Smith* was whether a petitioner must act with reasonable diligence at all stages of the petition

process. The Ninth Circuit said yes and declined to apply the stop-clock approach in light of the

facts before it. But it did not foreclose application of the stop-clock approach altogether. To the

contrary, it had "no trouble imaging [sic] a circumstance where a petitioner is impeded by

extraordinary circumstances from working on a habeas petition for two months, but after those

circumstances are dispelled, uses the next 364 days diligently, files his petition, and has the

9 – OPINION AND ORDER

entire two months during which the extraordinary circumstances existed equitably tolled." *Id.* at 601. Accordingly, the stop-clock approach may still be applied when a petitioner demonstrates they have acted with reasonable diligence before any impediment to filing, during the time of the impediment, and after the impediment to filing is removed.

### B.      Misunderstanding of the Statute-of-Limitations Deadline

Next is the issue of Mr. Weaver's misunderstanding of the statute-of-limitations deadline. Under my reading of *Smith* and other governing precedent, a petitioner may misunderstand the filing deadline and still demonstrate that, despite acting with reasonable diligence, he or she was unable to make a timely filing due to a prior extraordinary circumstance. I agree with Judge Beckerman that Mr. Weaver's misunderstanding of his filing deadline itself is not an extraordinary circumstance. *See* F. & R. [ECF 78] at 15. But the question here is whether the *prior* extraordinary circumstance—his trial counsel's withholding of his trial file—was the cause of his untimely federal habeas petition *despite* his subsequent misunderstanding of the filing deadline. Thus, I must ask whether a petitioner in Mr. Weaver's situation who acted with reasonable diligence should have filed their federal habeas petition in 17 days.

I have already concluded Mr. Weaver acted with reasonable diligence at all relevant time periods. I now further conclude that despite acting with reasonable diligence, Mr. Weaver was unable to file in a timely manner because of the delay in receiving his trial file. Mr. Weaver was left with only 17 days to file his federal habeas petition after the conclusion of state PCR proceedings. Mistakenly thinking he had one year to file, he took 109 days to complete his federal petition. However, the record indicates that despite his misunderstanding of the time left to file, he began working on his petition right away, filing it "as quickly as practicable" given his circumstances. Pet'r's Objs. [ECF 80] at 4. He used his time to conduct research, consult his

resources, and request necessary paperwork. Third Weaver Decl. [ECF 95-1] ¶ 7. Given the

delays inherent in the prison system, these tasks could not have been done in 17 days. *Id.* ¶ 4.

While Mr. Weaver indeed may have been able to scrape together a hollow shell of a petition in

17 days, that is not what the law requires. *Smith*, 953 F.3d at 600 (rejecting the "impossibility"

standard). Nor is it something our caselaw should encourage. Critically, had Mr. Weaver not

been deprived of his trial file for ten months on the front end of the limitations period, his

petition would have been timely. In fact, his petition would have been over six months early. So,

while Mr. Weaver did misunderstand the time he had left to file, the extraordinary circumstance

was still the cause of his late filing because (1) he acted with reasonable diligence at all relevant

time periods, (2) he used time beyond the 17 days to complete tasks necessary for his petition,

and (3) adding back the time he was without his trial file, his federal habeas petition is timely.

### C.      Timing of the Extraordinary Circumstances

Finally, I must address the Government's primary argument, which focuses on the timing

of the extraordinary circumstance. The Government maintains that an extraordinary

circumstance that occurs prior to the state filing deadline can never be the cause of an untimely

federal habeas petition. Resp't's Resp. [ECF 99] at 1–2. I disagree. The case before me is

distinguishable from cases that the Government relies on, like *Randle v. Crawford*, 604 F.3d

1047, 1058 (9th Cir. 2010), in two important ways. First, because of the length of the

impediment to his state filing, the time left for Mr. Weaver to file his federal petition was

dramatically reduced. And second, the time left was insufficient for a petitioner exercising

reasonable diligence to file their federal habeas petition. As such, this is not a case, like *Randle*,

where a petitioner with ample time to file after the impediment to filing was removed merely sat

on their hands. *See id.* at 1058 ("[T]here is no indication that had Randle received the files

11 – OPINION AND ORDER

sooner, he would have filed a federal habeas petition within the one-year limitations period."). The Government ignores this distinction and instead asserts an incomprehensibly rigid view of equitable tolling: that even if an extraordinary circumstance impeded a petitioner from filing for 364 days, so long as it occurred before the state-filing deadline it could never be a basis for equitable tolling of the federal habeas deadline. This view of equitable tolling is difficult to reconcile in light of the Ninth Circuit's recent pronouncements in *Smith* that emphasize the fact-specific nature of the causation inquiry and the importance of a petitioner's diligence at all stages. I therefore reject the Government's argument and find that the timing of the extraordinary circumstance does not negate causation where, as here, a petitioner acting with reasonable diligence was left without enough time to file.

In conclusion, for the reasons discussed above, I decline to adopt Judge Beckerman's F. & R. as to causation. Because I conclude that the other relevant inquiries are also satisfied, I find equitable tolling is proper and Mr. Weaver's petition should be evaluated on the merits.

## CONCLUSION

Upon review, I disagree with Judge Beckerman's recommendation as to equitable tolling, and I DECLINE to adopt the F. & R. [ECF 78] as to that issue. As such, I do not need to reach the other issues discussed in the F. & R. The parties shall submit a proposed briefing schedule for the merits of Petitioner's Amended Petition for Writ of Habeas Corpus [ECF 62] by April 28, 2021.

IT IS SO ORDERED.

DATED this __21__ day of April, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

12 – OPINION AND ORDER